United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK MISSUD,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO MUNICIPAL TRANSPORTATION AUTHORITY, AUTORETURN, BUREAU OF SIDEWALK MANAGEMENT, DEPARTMENT OF BUILDING INSPECTION, SAN FRANCISCO TAX ASSESSOR<br><br>    Defendants.<br>_____/ | No. C-12-cv-05468 EMC<br><br>**ORDER DENYING EMERGENCY MOTION FOR AN INJUNCTION**<br><br>(Docket Nos. 4, 5, 7, 8, 13) |

**I. INTRODUCTION**

Plaintiff Patrick Missud seeks a temporary restraining order ("TRO") enjoining Defendants San Francisco Municipal Transit Authority (SFMTA) and AutoReturn from proceeding with an October 24, 2012 lien sale of automobiles seized by the City. Plaintiff filed this case on October 15, 2012 alleging corrupt and illegal actions on the part of various governmental agencies and their employees. Docket No. 1. The complaint alleges that Plaintiff is the representative of "several" classes of plaintiffs, but fails to provide any information that would identify the nature or scope of any of the classes.

Plaintiff has filed multiple motions requesting a TRO against the the October 24, 2012 vehicle sale in person at the clerk's office. Docket Nos. 4, 5, 7, 8, 13. On October 24, Plaintiff also

1  filed a first amended complaint. Docket Nos. 12. This new complaint is substantially identical to
2  the original complaint in all respects relevant to the analysis here.

3  For the purposes of this motion, the relevant section of the complaint alleges that SFMTA
4  and AutoReturn are engaged in an illegal scheme to seize and sell cars for to generate revenue.
5  Compl. ¶ IX(A)(1). Plaintiff alleges that SFMTA issues multiple citations in rapid succession to cars
6  with expired registrations, and contracts with AutoReturn to tow the cars once they have
7  accumulated five citations. *Id.* These cars are then sold at weekly vehicle auctions.[1] *Id.* Plaintiff
8  alleges that this practice constitutes "an illegal taking under color of law or without notice" and "a
9  major violation of the takings clause." *Id.* He further alleges that the City of San Francisco illegally
10 enforces tickets that are defective because they do not list the last four digits of the car's Vehicle
11 Identification Number. *Id.*

12 In his complaint in the instant case, Plaintiff does not allege that his car has been impounded
13 or sold under this scheme. Compl. ¶ IX(A)(1). He alleges only that the city issued him five
14 citations in rapid succession, and that his car "was in imminent danger of towing and storage" which
15 would have cost over him hundreds of dollars. *Id.*

16 The current motion seeks an injunction to prevent SFMTA's weekly lien sale, which Plaintiff
17 states will take place at 10:00 a.m. on Wednesday, October 24, 2012 at Pier 70 in San Francisco.
18 Emergency Motion for an Injunction at 1. Plaintiff states that an injunction "preventing the sale of
19 all illegally City-seized vehicles is sought until such time that the propriety of the City's actions
20 leading to seizure can be verified." *Id.* He states argues that "[a]n injunction is required to protect
21 an untold number of citizens' fundamental rights." *Id.* at 2. Plaintiff does not allege that his car has
22 been impounded or that it is going to be sold at the October 24, 2012 auto sale.

23 Plaintiff also states that his motion for TRO "incorporate[s] herein by reference . . . all 7
24 documents and supporting exhibits registered in 12-mc-80246." Emergency Motion for an
25 Injunction at 2. The documents in that case provide additional relevant facts not included in the
26 instant motion. *Missud v. State of California,* 3:12-mc-80246-WHA (Alsup Case).

---

[1] Plaintiff offers no allegations about how long SFMTA keeps impounded cars before selling them. Compl. ¶ IX(A)(1).

It would appear that Plaintiff did in fact have his vehicle with license plate 5B44287 towed by SFMTA on October 12, 2012. Alsup Case Docket No. 5 at 2. He alleges that he did not get notice until 5 days later, at which point the fees for towing and storage were $899. *Id.* at 2. On October 22, he was told that the current bill was $1286. *Id.* at 2-3. On that date, he tried to pay his bill and retrieve his car, but ran into problems because he tried to pay with a certified bank check, which AutoReturn would not accept. *Id.* at 3. Plaintiff was offered a deal where he could pay a lesser amount of $945.50 if he signed over title to his truck. *Id.* at 3. Plaintiff also alleges that he had properly registered his car as of October 22. *Id.* at 3.

Plaintiff then returned on October 23 with a personal check for the $1350 he then owed, but AutoReturn told him that his bank was returning an insufficient funds error message. Alsup Case, Docket No. 7 at 2. Plaintiff claims that he did have sufficient funds, and submits a statement from his bank verifying funds available.[1] *Id.* Ex. 1 at 2.

In none of his filings in the Alsup Case does Plaintiff allege that his car is going to be sold at the October 24, 2012 lien sale. In fact, an exhibit filed in that case casts doubt on whether there is any imminent danger that Plaintiff's vehicle could be sold. Plaintiff had an email exchange with Julie Rosenberg, Manager of SFMTA's Hearing Section on October 22, in which he requested a hearing to contest the towing of his vehicle. Alsup Case, Docket No. 5 Ex. 1 at 12-15. The last email Ms. Rosenberg sent Plaintiff stated that the tow hearing coordinator would contact Plaintiff shortly. It was sent midday on Monday, October 22, 2012. *Id.* Ex. 1 at 13. She also advised him to get his car as soon as he can, as the storage fees are charged on a daily basis. *Id.*

Other emails in the record in the Alsup case also undermine Plaintiff's allegation that he had insufficient notice before his car was towed, and call into question whether he has a good faith basis for filing this suit. In an August 23, 2012 email, Plaintiff contacted two SFMTA employees and acknowledged that the registration on several of his vehicles was out of date. Alsup Case, Document

---

[1] The bank statement he submits is a little bit ambiguous as to whether there were sufficient funds available. Alsup Case Docket No. 7 Ex. 1 at 2. In one spot it says "Available Now: $3966.59", and in another spot it says "$1286.00 Available Today". *Id.* A statement from a different sub-account says that his available balance is $2566.59. *Id.*

3

No. 4 Ex. 4 at 17. He stated that he had been too busy to register them because he had been "rather busy getting judges indicted and impeached from San Francisco Superior all the way up the Ninth Circuit Court of Appeal." *Id.* He requests that they settle his multiple tickets for expired registration "for good cause – namely that I was very busy asserting 38 million Californians' rights, and won't specifically include the SFMTA and DMV in a multi-billion dollar lawsuit naming the state of California for official and judicial corruption." *Id*

On October 23, 2012, plaintiff sent an email to various city officials with a copy of his emergency motion attached. Alsup Case, Docket. No. 7 Ex. 1 at 5. The recipients of this emain include general email addresses for the San Francisco City Attorney's office, the San Francisco Board of Supervisors, and SFMTA, as well as six individual SFMTA employees. *Id.* Plaintiff had previously exchanged emails with several of the SFMTA employees regarding his desire to challenge several tickets.

## II. DISCUSSION

### A. Legal Standard

The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. *See Beaty v. Brewer*, 649 F.3d 1071, 1072 (9th Cir.2011), *cert. denied*, ––– U.S. ––––, 131 S.Ct. 2929, 179 L.Ed.2d 1267 (2011). The moving party must demonstrate: (1) the moving party's likely success on the merits; (2) likely irreparable harm to the moving party in the absence of preliminary relief; (3) the balance of equity tips in the moving party's favor; and (4) that the injunction is in the public interest. *Id.* (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008)). The moving party bears the burden of persuasion, and must make a clear showing. *Winter*, 555 U.S. at 22.

### B. Application

The Court finds that Plaintiff has failed to make a sufficient showing to justify entry of a TRO.

On the first factor, Plaintiff has failed to make a clear showing that his claim is likely to

succeed on the merits. He appears to allege a claim under the Takings Clause of the Fifth Amendment, which provides, provides "nor shall private property be taken for public use, without just compensation." When the government seizes property in the exercise of its police powers, however, the Takings Clause is not applicable. *Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1330 (Fed. Cir. 2006). This is true even if the plaintiff alleges that the exercise of police power was illegitimate or unlawful. *Id.* ("a taking does not result simply because the government acted unlawfully"). Towing cars that have accumulated an excessive number of parking tickets is an exercise of police power, and not a taking for public purposes within the meaning of the Takings Clause. *Deligiannis v. City of Anaheim*, SACV 06-720 DOC(JC), 2010 WL 1444538 (C.D. Cal. Mar. 2, 2010) *report and recommendation adopted*, SACV 06-720DOC(JC), 2010 WL 1444535 (C.D. Cal. Apr. 3, 2010) *aff'd,* 471 F. App'x 603 (9th Cir. 2012).

To the degree that Plaintiff is attempting to bring a claim taking his property without due process of law in violation of the Fourteenth Amendment, he has also failed to make a clear showing that he is likely to succeed on such a claim. Under the due process requirements of the Fourteenth Amendment, the government generally must give notice before seizing property. *Clement v. City of Glendale*, 518 F.3d 1090, 1093 (9th Cir. 2008). The Ninth Circuit has recognized that a ticket previously left on a car's windshield is sufficient to meet the notice requirement for towing a car. *Id.* at 1096; *Scofield v. City of Hillsborough*, 862 F.2d 759, 764 (9th Cir. 1988). Here SFMTA's alleged policy is that a car is not subject to towing until it has received five citations. Compl. ¶ IX(A)(1). Though Plaintiff alleges that they are often issued in rapid succession, his example for this is that he received three tickets in the space of 36 hours. *Id.* Even with this rate of issuing tickets, it would take two to three days to accumulate the necessary number of tickets to make a car eligible to be towed. This is sufficient notice to meet the requirements of due process. *See Clement*, 518 F.3d at 1095 (noting that one possible way of providing adequate notice would be to leave a ticket on the car's windshield and the return a few days later).

As the facts Plaintiff alleges fail to make out a claim under either the Fifth or Fourteenth Amendments, he has failed to show that he is likely to succeed on the merits of his claim against SFMTA and AutoReturn.

On the second factor, Plaintiff has failed to make a clear showing that he will suffer irreparable harm absent the granting of the requested TRO. He does not allege that his car is subject to the sale. To the contrary, the facts in the record indicate that while he has been thus far unsuccessful in retrieving his car, he is making active attempts to do so, and has initiated an administrative appeal within SFMTA challenging the validity of the initial tow. He has made no allegations indicating that he will suffer any harm from the October 24, 2012 car sale. While it seems entirely possible that Plaintiff's car could eventually be sold if his efforts to pay his fines and retrieve his car continue to be unsuccessful, has Plaintiff failed to allege likely irreparable injury from the October 24, 2012 sale. To the degree that his complaint alleges a putative class, he provides insufficient detail to be able to determine whether any putative class members would be harmed by the sale. Nor he has demonstrated he has standing to seek injunctive relief on behalf of absent parties. *See Warth v. Seldin*, 422 U.S. 490 (1975) (even where party has alleged injury sufficient to create standing to bring suit, the Supreme Court "has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties").

Plaintiff also fails to make a clear showing on the third and fourth factors. The lack of foreseeable and cognizable harm to Plaintiff from the October 24, 2012 sale does not outweigh the disruption to the Defendants' processes. Given the lack of substantial merit to his claim, the Court finds Plaintiff has not demonstrated the public interest favors an injunction. In sum, given the vague yet sweeping allegations of illegal action based on doubtful legal theories, this Court declines to find that the equities tip in favor of granting the TRO, or that the public interest would thereby be served.

Accordingly, Plaintiff has failed to show that he is entitled to a TRO restraining SFMTA and AutoReturn from proceeding with the lien sale of impounded automobiles on October 24, 2012.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's application for a TRO. Furthermore, as to any future filings in this case, Plaintiff is hereby **ORDERED** to include all facts and arguments he wishes considered in the motion or attachments thereto; this Court will not

consider any documents not attached that he incorporates by reference.

This order disposes of Docket Numbers 4, 5, 7, 8, and 13.

     IT IS SO ORDERED.

Dated: October 24, 2012

_____
EDWARD M. CHEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MISSUD et al,

        Plaintiff,

v.

STATE OF CALIFORNIA ET. AL. et al,

        Defendant.

Case Number: CV12-05468 EMC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 24, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Patrick Alexandre Missud
91 San Juan Ave.
San Francisco, CA 94112

Dated: October 24, 2012

Richard W. Wieking, Clerk
By: Betty Lee, Deputy Clerk

8