1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICK MISSUD,

                 Plaintiff,

      v.

STATE OF CALIFORNIA, *et al.*,

                 Defendants.

_____/

No. C-12-05468 EMC

**ORDER DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER (TRO)**

**(Docket No. 17)**

## I.    INTRODUCTION

Between October 22, 2012 and October 24, 2012, Plaintiff filed five motions requesting a temporary restraining order enjoining Defendants San Francisco Municipal Transit Authority (SFMTA) and AutoReturn from proceeding with an October 24, 2012 lien sale of automobiles seized by the City. Docket Nos. 4, 5, 7, 8, 13. This Court denied those motions on October 24, 2012. Docket No. 14. SFMTA and AutoReturn apparently hold weekly lien sales of seized vehicles; Defendant now files a request for a temporary restraining order enjoining a sale set for October 31, 2012. Docket No. 17.

## II.    DISCUSSION

A.    Legal Standard

As noted in this Court's previous order, a party seeking a temporary restraining order must demonstrate: (1) the moving party's likely success on the merits; (2) likely irreparable harm to the moving party in the absence of preliminary relief; (3) the balance of equity tips in the moving party's favor; and (4) that the injunction is in the public interest. *Id.* (citing *Winter v. Natural Res.*

*Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L.Ed.2d 249 (2008)).  The moving party bears the burden of persuasion, and must make a clear showing.  *Winter*, 555 U.S. at 22.

Plaintiff disputes this Court's finding that he is unlikely to succeed on the merits, and argues that SFMTA's seizure of cars with multiple tickets is not an exercise of the state's police power because the tickets often unlawfully omit the last four digits of a car's VIN.  Pl.'s Mot. for TRO at 6. This argument is unavailing.  As this Court noted in its previous order, a government seizure does not come within the ambit of the Takings Clause just because a plaintiff alleges that the exercise of police power was illegitimate or unlawful.  *Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1330 (Fed. Cir. 2006) ("a taking does not result simply because the government acted unlawfully").  Plaintiff also challenges the finding that Defendants provided enough notice so that there is no due process violation.  *Id.* at 6-7.  Plaintiff repeats his prior arguments that the notice was inadequate (or hypothetically could have been inadequate under different circumstances), but fails to mention or distinguish the legal authority cited in the October 24, 2012 order.  *Id.*

Plaintiff also cites to 18 U.S.C. § 1534, which criminalizes the holding of any person in, or selling any person into involuntary servitude."  18 U.S.C. § 1584.  Plaintiff's allegations that he was offered community service to work off allegedly void tickets is not sufficient to establish that Plaintiff's case is likely to succeed on the merits.  Aside from the fact that this is a criminal statute, he alleges only that the community service was offered as an alternative to paying the parking tickets.  There is no indication that he actually performed any community service, and even less indication that had he done so, it would have been somehow compelled or "involuntary."

Plaintiff also challenges this Court's finding that he was not likely to suffer irreparable harm absent a TRO.  However, he again does not allege that his car is subject to sale at the October 31, 2012 lien sale.  If anything, his contentions in his motion indicate that it is not.  For example, he points to a notice in the record indicating that owners of seized cars may be liable for the cost of storing the car for up to 60 days.  Pl.'s Mot. for TRO at 3.  As Plaintiff's car was only seized on October 12, 2012, this would undermine any argument that it is in imminent danger of being sold. Plaintiff's contentions that he has had cars seized or sold at lien sales in the past are not sufficient to entitle him to a TRO, as that harm has already occurred.  *Id.* at 3.

**United States District Court**
For the Northern District of California

2

**United States District Court**

For the Northern District of California

1    Plaintiff contests this Court's finding that he had provided little meaningful information

2    about the scope of the class he purports to represent.  Pl.'s Mot. for TRO at 2.  He also offered

3    additional information about the putative class.  *Id.*  Regardless, this does not change the analysis on

4    his request for a TRO, as no class has been certified at this time.  The Ninth Circuit has held that

5    "injunctive relief generally should be limited to apply only to named plaintiffs where there is no

6    class certification."  *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1501-02 (9th Cir.

7    1996); *see also Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727-28 (9th Cir. 1983).  The court has found an

8    exception to this rule when issuing a more sweeping injunction "is necessary to give prevailing

9    parties the relief to which they are entitled." *Easy Riders*, 92 F.3d at 1502 (quoting *Bresgal v. Brock,*

10   843 F.2d 1163, 1170–71 (9th Cir.1987)).  This exception does not apply here, as there is entirely

11   possible to enjoin SFMTA from selling Plaintiff's car in particular without preventing it from selling

12   any of the other vehicles at the lien sale.

13   Plaintiff also argues that he is bringing a qui tam action, and thus "has standing to assert his

14   and others' rights because his tax dollars are being used to \$upport official City Racketeering and

15   fraud against City Residents."  Pl.'s Mot for TRO at 8.  Qui tam actions allow individuals who assist

16   in the prosecution of claims for *fraud against the government* to recover some part of the penalty

17   imposed in the action.  *See* 31 U.S.C. §§ 3729-33 (providing for qui tam suits in cases of fraud

18   against the federal government).  Plaintiff's claims concern alleged fraud *by government entities*

19   against private citizens, and thus do not constitute a qui tam action.

20   Plaintiff also asserts or clarifies some factual matters that are not relevant to the analysis of

21   whether he is entitled to a TRO.  Pl.'s Mot. for TRO at 3-4 (explaining unclear bank statements).  He

22   attaches a number of deposition transcripts that he alleges show judicial corruption in unrelated

23   cases.  *Id.* at 4, Ex. 1-11.

24   Plaintiff fails to offer any facts or legal arguments to distinguish this request for a TRO from

25   the ones denied in the October 24, 2012 order.  The analysis there applies here as well.  Plaintiff has

26   again failed to established that he is entitled to a TRO.

27   Furthermore, Plaintiff throughout his motion continues to cite to documents filed in another

28   case, despite this Court's order on October 24, 2012 that he include in any future motions all factual

3

1 evidence and arguments he wishes to have considered rather than incorporating filings from other

2 cases by reference. Again, the Court will not in the future consider any documents incorporated by

3 reference from files in other cases.

### III.    CONCLUSION

5     For the foregoing reasons, the Court **DENIES** Plaintiff's application for a TRO.

6     This order disposes of Docket No. 17.

8     IT IS SO ORDERED.

10 Dated:  October 29, 2012

                _____

EDWARD M. CHEN
United States District Judge

United States District Court
For the Northern District of California

4