United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICK MISSUD,

        Plaintiff,

    v.

STATE OF CALIFORNIA, *et al.*,

        Defendants.

_____/

No. C-12-5468 EMC

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (TRO)**

**(Docket No. 21)**

## I. INTRODUCTION

On October 24, 2012, this Court denied Plaintiff's request for a temporary restraining order enjoining Defendants San Francisco Municipal Transit Authority (SFMTA) and AutoReturn from proceeding with an October 24, 2012 lien sale of automobiles seized by the City. Docket No. 14. As these sales occur weekly, Plaintiff then filed a request for a temporary restraining order enjoining a sale set for October 31, 2012. Docket No. 17. This Court denied that request as well, finding that Plaintiff offered no facts or argument that would change the analysis or result from the October 24, 2012 order denying the first request.

Plaintiff now files yet another request for a temporary restraining order, again directed at the October 31, 2012 sale.

## II. DISCUSSION

Central to the holding in both prior orders was the fact that Plaintiff makes no allegation that any vehicle he owns is in danger of being sold at either of the sales, and that he presents no viable argument for why he should be permitted to seek a restraining order on behalf of the owners of the

cars that are subject to sale. Plaintiff was also unable to show that he was likely to succeed on the merits of his claims. In order to secure a temporary restraining order, he would need to show both that his claims are likely to succeed on the merits, and that he will suffer likely irreparable harm without a restraining order. *See Beaty v. Brewer*, 649 F.3d 1071, 1072 (9th Cir.2011), *cert. denied*, ––– U.S. ––––, 131 S. Ct. 2929, 179 L.Ed.2d 1267 (2011). He would also need to show that the balance of equity tips in his favor and that the injunction is in the public interest. *Id.*

Plaintiff fails to provide any information or argument that would change this Court's prior ruling that Plaintiff has not shown that he is likely to suffer irreparable harm, or that he otherwise has standing to challenge the lien sales and is likely to succeed on the merits. Plaintiff again does not allege that any vehicle he owns is in danger of being sold at the lien sale.

Nor has Plaintiff offered anything in his renewed motion that would change this Court's finding that he has failed to show that his claims are likely to succeed on the merits. Plaintiff takes issue with this Court's finding that he has not alleged a viable qui tam claim because he complains only of fraud by the government, not fraud against the government. He states that "[n]ot only is the City targeting its own Residents for fraud, but the 'autonomous' $FMTA, a City division, is using City assets to further its RICO scheme" and that SFMTA "gets its money from the general fund for such things as chronic overtime pay for its bloated staff." Pl.'s Third Mot. for TRO at 4. Plaintiff cites no authority indicating that qui tam suits may be maintained by a private party bringing allegations of fraud by a government agency against another part of the government.

Plaintiff misconstrues this Court's reliance on *Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1330 (Fed. Cir. 2006) when he attempts to distinguish that case by saying that "a government which accidentally acts unlawfully may not have liability; however, a government and officials which and who act with scienter to illegally take citizens' property are liable" under various statutes. Pl's Third Mot. for TRO at 2. This Court never held that government officials who knowingly act illegally to take the property of citizens are never subject to legal liability, only that under the facts Plaintiff alleges, there is no liability under the Takings Clause. October 29 Order Denying TRO at 2. Plaintiff offers no argument that would call this ruling into question. His argument challenging

this Court's finding that he is unlikely to succeed on his Due Process claim simply repeats facts and arguments from his prior motions.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's application for a TRO. As this Court has denied Plaintiff's order to proceed *in forma pauperis* in orders on October 29 and 30, 2012, Plaintiff is now required to pay the appropriate filing fee before proceeding with this litigation. This Court will consider no further filings from Plaintiff unless he first provides proof that he has paid the filing fee. *See* Docket Nos. 19, 22.

Furthermore, Plaintiff shall not bring any further motion for a temporary restraining order in this case enjoining the weekly lien sales held by SFMTA and AutoReturn unless he proffers facts which demonstrate there has been a change in material circumstances. Failure to comply with this order and Fed. R. Civ. P. 11 will subject Plaintiff to sanctions and an order barring filing of any further requests for a temporary restraining order against the SFMTA and AutoReturn lien sales. Should Plaintiff file any further motion for a TRO, he is **ORDERED** to submit a brief of no more than three pages. Any such brief shall state any change in material facts on the first page.

This order disposes of Docket No. 21.

IT IS SO ORDERED.

Dated: October 30, 2012

EDWARD M. CHEN
United States District Judge