United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICK MISSUD,

        Plaintiff,

    v.

STATE OF CALIFORNIA, *et al.*,

        Defendants.
_____/

No. C-12-5468 EMC

**ORDER (1) RE SERVICE OF SUMMONS AND COMPLAINT ON ALL DEFENDANTS AND (2) DENYING MOTION TO COMPEL**

**(Docket No. 37)**

        On November 28, 2012, this Court issued an order which provided, *inter alia*, that this Court would consider no further filings from Plaintiff unless he files proof that he has served all defendants with the complaint in this action. On November 29, 2012, Plaintiff filed an affidavit indicated that he had personally served some of the defendants. He does not provide the date he effected service. Though he attaches several certified mail receipts addressed to "SCOTUS," "SF City Attorney Herrera," and "California Attorney General Harris," the fields for address and postage are blank on the receipts. Docket No. 36 Ex. 2 at 7.

        On December 6, Plaintiff filed another affidavit indicating that the Defendants had been served. Docket No. 40. He attaches receipts from mailings to the San Francisco City Attorney, California Attorney General and Autoreturn. These receipts all have signatures in a block titled "Complete This Section on Delivery"; two of the three indicate November 30, 2012 as a delivery date. Docket No. 40 Ex. 1. Plaintiff does not, however, attach a proof of service, or indicate who served the Defendants. Docket No. 40 at 2-3.

Rule 4 of the Federal Rules of Civil Procedure provides that "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint." Rule 4(c)(2) (emphasis added). As a party to this action, Plaintiff is not able to serve the summons and complaint under Rule 4. Though Plaintiff states that he is "acting as a California Private Attorney General," neither of the statutes that he cites supports this assertion, or provides that he may properly serve defendants despite being a party to this action. Docket No. 36 at 2.

As Plaintiff has not filed proof that Defendants have been properly served under Rule 4, this Court will not consider any further filings until he files such proof.

Plaintiff has also filed a motion to compel production of documents from non-party D.R. Horton, Inc. Attachments to Docket No. 40 also indicate that he has served various other parties and non-parties with subpoenas to produce documents in this case. Docket No. 40 Ex. 1 at 20, 25-29, Ex. 2 at 4. In addition to the fact that Plaintiff has not yet served the Defendants in this action, any discovery is premature at this point as there has been no Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" subject to certain exceptions not applicable here). Further, the subpoena that is the subject of the motion to compel concerns "All Escrow Documents for purchase of 812 Elderberry Loop, Vacaville, CA 95688 to George Poppe." Docket No. 37 Ex. 1. Plaintiff offers no explanation for how this request is related to his claims in this case, which concerns allegations of corruption and illegal actions on the part of various San Francisco city departments and California state courts. The subpoenas attached to Docket No. 40 likewise seem to include requests for information of unclear relevance to this case.

///
///
///
///
///
///
///

Accordingly, this Court **DENIES** Plaintiff's motion compel production of documents and **ORDERS** the subpoenas he issued quashed. Further, Plaintiff is **ORDERED** to refrain from conducting further discovery in this case and is **ORDERED** not to file any pleadings, motions or documents other than proofs of service consistent with Rule 4 until further order of this Court.

This order disposes of Docket No. 37.

IT IS SO ORDERED.

Dated: December 11, 2012

_____
EDWARD M. CHEN
United States District Judge