**United States District Court**
For the Northern District of California

1
2
3
4
5                          UNITED STATES DISTRICT COURT
6                          NORTHERN DISTRICT OF CALIFORNIA
7
8    PATRICK MISSUD,                          No. C-12-5468 EMC
9              Plaintiff,
                                              **ORDER DENYING PLAINTIFF'S**
10        v.                                  **MOTION TO ALTER OR AMEND**
                                              **JUDGMENT**
11   STATE OF CALIFORNIA, *et al.*,
                                              **(Docket No. 72)**
12             Defendants.
     _____/
13
14
15                          I.    **INTRODUCTION**
16          On February 5, 2013, this Court granted Defendants' motions to dismiss with prejudice
17   Plaintiff's claims for lack of subject matter jurisdiction and for failure to state a claim.  Docket No.
18   70.  The Clerk entered judgment the same day.  Docket No. 71.  Plaintiff has now filed a motion for
19   reconsideration under Rule 59(e).  Docket No. 72.
20          Under Rule 59(e), a party may move to have the court amend its judgment within
21   twenty-eight days after entry of the judgment, and "[s]ince specific grounds for a motion to amend
22   or alter are not listed in the rule, the district court enjoys considerable discretion in granting or
23   denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 Fn. 1 (9th Cir.1999) (internal
24   quotation marks omitted).  Altering or amending a judgment after its entry is "an extraordinary
25   remedy which should be used sparingly." *Id.* (internal quotation marks omitted).
26          The Ninth Circuit has recognized that there are four basic grounds upon which a Rule 59(e)
27   motion may be granted.  They are:
28

**United States District Court**
For the Northern District of California

1

(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

Here, Plaintiff offers no argument as to why this Court should amend the judgment other than to direct the Court's attention to several emails he received from Defendant San Francisco Municipal Transportation Agency ("SFMTA"), which he claims provide new evidence relevant to his claims. Pl.'s Mot. at 2. These emails provide Plaintiff with information about the amounts due for various expired registration tickets. Docket No. 72-8. They also state that SFMTA allows vehicles to be towed if their registration out of date by more than six months, or the vehicle has five or more unpaid tickets with late fees. *Id.* This information does not differ substantially from evidence Plaintiff presented in his opposition to the motion to dismiss, and at various points in this case. Nothing in these emails changes this Court's analysis on Plaintiff's claims against SFMTA. As this Court previously held, Plaintiff fails to state a claim against SFMTA under either the Takings Clause or the Due Process Clause. *Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1330 (Fed. Cir. 2006) (Takings Clause inapplicable when government seizes property in exercise of police powers); *Clement v. City of Glendale*, 518 F.3d 1090, 1095 (9th Cir. 2008) (due process requirements met where police leave ticket on car's windshield and return to tow it several days later). Plaintiff has thus failed to show that he is entitled to amendment of the judgment.

The bulk of Plaintiff's motion actually concerns his "demand" that the undersigned and another judge from this District appear at Plaintiff's state bar disciplinary proceedings. He attaches to his motion two subpoenas captioned as subpoenas in the instant matter commanding both judges to appear at the proceedings. As this case has been closed, and as the subpoenas do not relate to the subject matter of this case, they are improper.

///

///

///

///

2

**II.   CONCLUSION**

For the foregoing reasons, Plaintiff's motion to alter or amend the judgment is **DENIED.**
Further, the attached subpoenas are ordered quashed.

This order disposes of Docket No. 72.


IT IS SO ORDERED.


Dated:  February 15, 2013

_____
EDWARD M. CHEN
United States District Judge