United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK MISSUD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>　　　　Defendants.<br>_____/ | No. C-12-5468 EMC<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION TO ALTER OR AMEND JUDGMENT**<br><br>**(Docket No. 82)** |

## I. INTRODUCTION

On February 15, 2012, this Court denied Plaintiff's motion to alter or amend the judgment in this case. Docket No. 81. This Court had earlier dismissed Plaintiff's claims with prejudice for lack of subject matter jurisdiction and for failure to state a claim, and the Clerk had entered judgment pursuant to the order. Docket No. 70, 71.

The same day as this Court's order denying the motion to alter judgment, Plaintiff filed another motion to alter or amend judgment. Docket No. 82.

## II. DISCUSSION

The Ninth Circuit has recognized that there are four basic grounds upon which a Rule 59(e) motion to alter or amend judgment may be granted. They are:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

1 *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Plaintiff offers arguments under all
2 four grounds, but all are unavailing.

A. <u>Necessary to Correct Manifest Errors of Law or Fact</u>

Plaintiff argues that the first ground for granting a Rule 59(e) motion is present here, offering various allegations about the Court's supposed misdeeds in an unrelated case filed by Plaintiff against D.R. Horton, Inc. Pl.'s Mot. at 2. These allegations have nothing to do with the instant case, and do not provide grounds for altering or amending the judgment.

B. <u>Necessary to Present Newly Discovered Evidence</u>

Again, Plaintiff offers allegations that this ground is met, but offers only argument relating to the case Plaintiff filed against D.R. Horton. In addition to being unrelated to the instant case, it does not appear that any of the facts Plaintiff alleges in this section are newly discovered or previously unavailable.

C. <u>Necessary to Prevent Manifest Injustice</u>

Plaintiff argues that altering or amending the judgment is necessary to prevent manifest injustice because this case was originally erroneously classified as a miscellaneous insurance claim by the Clerk's office. Pl.'s Mot. at 3. The case was re-classified less than ten days later. Docket No. 6. Plaintiff offers no explanation for how he was prejudiced by this initial misclassification, or how this misclassification affected the final disposition of this case.

D. <u>Change in Controlling Law</u>

Plaintiff argues that he is entitled to alter or amend the judgment in this case because "the 'controlling law' is as such: There is no 'judicial immunity' for your colleague$' lie$ to protect corporate predation of the people." Pl.'s Mot. at 3-4. Whatever Plaintiff's arguments about the limits of judicial immunity, he points to no recent development in the law in this area, or in any area of law relevant to this Court's dismissal of the instant case.

///
///
///
///

## II. CONCLUSION

Plaintiff failed to demonstrate that he is entitled to alter or amend this Court's judgment under Rule 59(e). Accordingly, Plaintiff's motion to alter or amend the judgment is **DENIED.**[1]

This order disposes of Docket No. 82.

IT IS SO ORDERED.

Dated: February 25, 2013

EDWARD M. CHEN
United States District Judge

---

[1] Plaintiff also states that the PACER link to this Court's order denying Plaintiff's first Rule 59(e) is broken. As of the time this order was issued, there does not appear to be any problem with the link. If Plaintiff has difficulties with PACER links in the future, he may wish to call the ECF Help Desk at (866) 638-7829.