UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK MISSUD,<br><br>        Plaintiff,<br><br>        v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-12-5468 EMC<br><br>**ORDER DENYING MOTIONS FOR LEAVE TO FILE DOCUMENTS**<br><br>**(Docket Nos. 173-178)** |

        This case was closed on February 5, 2013, and is currently on appeal to the Ninth Circuit. On July 8, 2013, this Court issued an order quashing an improperly issued subpoena requesting documents unrelated to this case from the Chief Justice of the California Supreme Court. The Court further ordered that Plaintiff issue no more subpoenas in this case without leave of Court.

        Since that date, Plaintiff has filed six motions for leave to file various documents. Docket Nos. 173, 174, 175, 176, 177, 178. The first of these is a motion for leave to serve a subpoena on United States Supreme Court Justices Antonin Scalia and Clarence Thomas. Docket No. 173. The subpoena appears to request that Justices Scalia and Thomas to issue an order directing the California State Bar to produce to Plaintiff the transcripts from his State Bar disciplinary proceedings. Docket No. 173-1 at 5. The fourth-filed motion seeks leave to file a subpoena directing the California State Bar and Chief Justice Tani Cantil-Sakauye of the California Supreme Court to produce transcripts of Plaintiff's State Bar disciplinary proceedings. Docket No. 176 at 1.

        In addition to the fact that a subpoena is not a proper vehicle for requesting an order of any sort from the Supreme Court, these subpoenas are improper because this case has been closed.

**United States District Court**
For the Northern District of California

1 Further, these subpoenas, like others Plaintiff has issued, is entirely unrelated to the subject matter of
2 this case. Plaintiff appears to argue that this request is related to the instant matter because both
3 concern his allegations of widespread judicial corruption, or because the undersigned referred
4 Plaintiff to the State Bar for possible disciplinary proceedings. Docket No. 173 at 1-5. The
5 complaint in this case, however, did not bring claims related to the State Bar disciplinary
6 proceedings against Plaintiff, but focused on various unrelated allegations of corruption in city and
7 state government. Docket Nos. 1, 12.

8 Additionally, though Plaintiff appears to have issued both and signed his name as an
9 attorney, both subpoenas are dated after his license to practice law was suspended. Docket No. 173-
10 1 at 5 (subpoena dated July 9, 2013); Docket No. 176 (subpoena dated July 17, 2013); Attorney
11 Search Results for Patrick Alexandre Missud, State Bar of California,
12 http://members.calbar.ca.gov/fal/Member/Detail/219614 (Plaintiff ineligible to practice law as of
13 July 4, 2013). As Plaintiff has been deemed ineligible to practice law, he is no longer an officer of
14 the court, and may not issue and sign subpoenas in that capacity. *See* Fed. R. Civ. P. 45(a)(3).

15 Plaintiff's motion for leave to issue the subpoena is therefore **DENIED.** Further, the Court
16 warns Plaintiff that should he attempt to issue any further subpoenas as an attorney, he shall be
17 subject to sanctions including, but not limited to, monetary sanctions, revocation of filing privileges
18 in this case, and other sanctions available under Rule 11 as well as pursuant to the inherent power of
19 this Court.

20 Plaintiff's other recent filings are denominated motions for leave to file documents, but
21 actually appear to be briefs and supporting exhibits he filed in the State Bar disciplinary
22 proceedings, a California Superior Court case, and in support of his petition for certiorari with the
23 Supreme Court. Docket Nos. 174, 175, 176, 178. In none of these does he request any kind of relief
24 from this Court. These motions are therefore **DENIED.**

25 In the five months since this case was terminated, Plaintiff has filed more than 100
26 documents, many with hundreds of pages of supporting exhibits. Though a few of these were
27 procedurally proper motions to alter or amend the judgment in this case, the vast majority of these
28 filings have no discernible relationship to the subject matter of this case, but instead concern

sweeping allegations about judicial and official corruption, various conspiracy theories, and filings from other litigation with which Plaintiff is involved. Reviewing thousands of pages of irrelevant documents is unnecessarily burdensome and a waste of judicial resources. Plaintiff is therefore **ORDERED** to show cause why his filing privileges in this case should not be revoked. Plaintiff's response to this order shall be filed no later than August 2, 2013, and shall not exceed five pages in length. Any submission beyond this page limit, including attachments, shall be disregarded by the Court.

This order disposes of Docket Nos. 173, 174, 175, 176, 177, and 178.

IT IS SO ORDERED.

Dated: July 19, 2013

_____
EDWARD M. CHEN
United States District Judge